FILED
at ___ O'clock & ___ min ___ M
FEB 21 2008
United States Bankruptcy Court
Columbia, South Carolina (33)

ENTERED
FEB 2 2 2008
KPD

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:

Troy Hovis Ferrell, Jr. and

Rose Marie Ferrell,

Debtor(s).

C/A No. 06-05136-JW

Chapter 7

ORDER

This matter comes before the Court upon the Motion for Exemption from Course on Personal Financial Management pursuant to 11 U.S.C. § 727(a)(11) ("Request for Exemption") filed by Troy Hovis Ferrell, Jr. and Rose Marie Ferrell ("Debtors"). The United States Trustee ("UST") filed a timely objection to Debtors' Request for Exemption on the grounds that Debtors did not meet the criteria for an exemption under 11 U.S.C. § 109(h)(4). A hearing was held on the Request for Exemption on February 19, 2008.

Debtors filed a petition for relief under chapter 13 of the Bankruptcy Code on November 9, 2006. On October 25, 2007, Debtors voluntarily converted their chapter 13 case to a chapter 7 case. Debtors' certificate of completion of instructional course concerning personal financial management was due on January 18, 2008. Debtors filed the Request for Exemption on January 21, 2008.

Debtors request that the Court grant them an exemption from the requirements of 11 U.S.C. § 727(a)(11) on the grounds that they are under such physical impairment as to be unable, after reasonable effort, to participate in an in-person, telephone or Internet version of the financial management course. Debtors' counsel presented medical records confirming that Debtor Troy Hovis Ferrell, Jr., who is 68 years old, recently left a nursing

home and suffers from heart problems, diabetes, and infections and that Debtor Rose Marie Ferrell, who is 58 years old, suffers from breast cancer. Debtors' counsel informed the Court that Debtors were not able to attend the hearing due to their medical conditions. Despite their medical conditions, Debtors were able to successfully complete the pre-petition credit counseling requirement of 11 U.S.C. § 109(h)(1) and file the required certificate.

Section 727(a)(11) of the Bankruptcy Code provides: "The court shall grant the debtor a discharge, unless... (11) after filing the petition, the debtor failed to complete an instructional course concerning personal financial management described in section 111, except that this paragraph shall not apply with respect to a debtor who is a persion described in section 109(h)(4). Section 109(h)(4) provides an exemption from the requirements of § 727(a)(11) for debtors who are unable to complete those requirements due to incapacity, disability, or active military duty in a military combat zone.

In order to qualify for an exemption on the grounds of disability, the debtor must be "so physically impaired as to be unable, after reasonable effort to participate in an in person, telephone, or Internet briefing...." § 109(h)(4). Several courts have employed the following three-prong test to determine whether a debtor is entitled to an exemption on the grounds of disability:

> The debtor generally must demonstrate [that] ... (1) the debtor is severely physically impaired; (2) the debtor has made a reasonable effort, despite the impairment, to participate in the instructional course concerning personal financial management; and (3) the debtor is unable, because of the impairment to meaningfully participate in the required instructional course in an in person, telephone, or Internet briefing.

In re Hall, 347 B.R. 532, 535 (Bankr.N.D.W.Va. 2006); see also In re Smith, C/A No. 07-05726-DD, slip op. at 3 (Bankr. D.S.C. Nov. 30, 2007)(addressing exemption from credit

2

counseling requirement); In re Tulper, 345 B.R. 322, 326 (Bankr. D. Colo. 2006)(same). The purpose of this exemption is to excuse those debtors for whom a financial management course would serve no meaningful purpose or would be impossible. See Hall, 347 B.R. at 535-36. Debtors bear the burden of demonstrating that they qualify for an exemption. In re Smith, C/A No. 07-05726-DD, slip op. at 4. In light of the United States Trustee's objection, the Court must require Debtors to strictly meet this burden.

In this case, Debtors have failed to demonstrate that they are entitled to an exemption from the financial management course on the grounds of disability or otherwise. The evidence presented supports Debtors' contention that they suffer from medical conditions that certainly may make it difficult for them to obtain the financial management course in person; however, no evidence was presented that their medical conditions are so severe as to render Debtors unable to participate in a telephone or Internet financial management course. The Court finds that Debtors have not demonstrated that they have made a reasonable effort to attend an instructional course on personal financial management. It does not appear that Debtors suffer from mental or physical impediments that would prevent effective instruction on financial management.

For the foregoing reasons, it is hereby

ORDERED that Debtors' Request for Exemption is denied. Debtors shall have twenty (20) days from the entry date of this order to obtain a certificate of completion of instructional course on personal financial management and file the certificate with the Court. Failure to comply with the terms of this Order may result in the case being closed without the entry of discharge without further notice or hearing.

3

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
February 21, 2008